IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEVEN V. SLEDGE AND ZULEMA L. SLEDGE, § § § *Plaintiffs* § § v. § JP MORGAN CHASE BANK, N.A., § § *Defendant*. § § | Civil Action No.  SA:13-CV-797-XR |

## ORDER

On this day the Court considered Defendant's motion to dismiss (docket no. 3).  For the following reasons, the Court GRANTS the motion.

### I. Background

**A. Factual Background**[1]

On or about March 14, 2008, Plaintiffs Steven V. Sledge and Zulema L. Sledge obtained a mortgage to purchase the real property at 8426 Pale Horse Lane, San Antonio, Texas 78254. The mortgage originally secured a debt of $201,731.00.[2]  In connection with the transaction, Plaintiffs executed a promissory note and deed of trust.  Defendant JP Morgan Chase Bank, N.A. now holds and owns Plaintiffs' mortgage.

In or around June 2012, Plaintiffs began having trouble making their mortgage payments, and they applied for a loan modification with Defendant.  At Defendant's request, Plaintiffs sent a modification application and supporting documents to Defendant.  Plaintiffs allege that they submitted some information at least ten times.  Throughout the application process, Plaintiffs

---

[1] The factual background is taken from the allegations in Plaintiffs' complaint.
[2] Deed of Trust at 2, Docket No. 3, Ex. A.

assert that Defendant told them, over the telephone, that they would be approved for a loan modification.

By April 2013, Plaintiffs had not received a loan modification. After two additional resubmittals of their modification application, Plaintiffs allegedly called Defendant in May 2013 to confirm receipt of their application materials. Over the telephone, Defendant allegedly confirmed receipt of Plaintiffs' application, and told Plaintiffs that a scheduled foreclosure sale of their property would not occur.[3] Approximately three days later, Plaintiffs again called Defendant. This time, however, Defendant allegedly stated that a scheduled foreclosure sale had not and would not be postponed pending a review of their application. Defendant allegedly explained to Plaintiffs that it would not have enough time to review their application before the scheduled foreclosure sale, and, therefore, the foreclosure sale would not be postponed. A few days after this phone conversation, on June 4, 2013, Defendant sold Plaintiffs' property at a foreclosure sale.

**B. Procedural Background**

On August 20, 2013, Plaintiffs filed suit in the 131 Judicial District Court of Bexar County, Texas. They asserted causes of action against Defendant for promissory estoppel and wrongful foreclosure. They also requested that the Court declare the June 4, 2013 foreclosure sale invalid. Finally, they applied for a restraining order to prevent Defendant from selling their property or removing them from the property.

Defendant removed the action to this Court. On September 4, 2013, Defendant moved to dismiss the case for failure to state a claim. In its motion, Defendant asserts that the Texas statute of frauds prohibits the Court from enforcing the alleged oral promises to modify the

---

[3] Plaintiffs do not explain how or when Defendant scheduled a foreclosure sale. Presumably the sale was scheduled for June 4, 2013, the day the foreclosure sale actually occurred.

mortgage and to postpone the foreclosure sale. Further, Defendant asserts that Plaintiffs have not adequately alleged the elements of either a promissory estoppel or wrongful foreclosure claim. Plaintiffs responded to Defendant's motion, and Defendant replied.

## II. Legal Standard

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

### B. Documents that May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)

(quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendant attached Plaintiffs' deed of trust to its motion to dismiss. This document is referenced in the complaint and provided the authority for Defendant to foreclose. Moreover, the deed of trust has been recorded and is a matter of public record. Finally, Plaintiffs have not objected to Defendant's use of this document to establish the original amount of the mortgage. For these reasons, the Court takes judicial notice of the deed of trust and will consider the document in ruling on Defendant's motion to dismiss.

### III. Discussion

**A. Promissory Estoppel**

Although normally a defensive theory, promissory estoppel can be asserted as a cause of action, where a promisor unjustly induces another to substantial action or inaction. *Martin-Janson v. JP Morgan Chase Bank, N.A.*, — F. App'x —, 2013 WL 3533682, at *4 (5th Cir. July 15, 2013); *see e.g. Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 138–40 (Tex. App.—Corpus Christi 2001, no pet.) "The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment." *Ford*, 44 S.W.3d at 139 (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "However, as when promissory estoppel is used as a defense, if the underlying

oral promise is barred by the statute of frauds, the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds." *Ford*, 44 S.W.3d at 140.

In Texas, the statute of frauds requires that loan agreements in excess of $50,000 be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). The statute defines "loan agreements" to include "one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." TEX. BUS. & COM. CODE § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral material modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see Martins*, 722 F.3d at 256 ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank N.A.*, 508 F. App'x. 326, 328–29 (5th Cir. 2013).

Here, Plaintiffs' mortgage is subject to the statute of frauds since it includes a loan agreement in the original amount of $201,731.00. *See* TEX. BUS. & COM. CODE § 26.02; *Martins*, 722 F.3d at 256; Deed of Trust at 2, Docket No. 3, Ex. A. Therefore, any modification of the loan or any agreement to postpone a foreclosure sale of the property secured by the loan would have to be in writing to be enforceable. *See Martins*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. Plaintiffs, however, do not allege that any of Defendant's promises regarding

modification of the loan or postponement of a foreclosure sale were written. Nor do they allege that Defendant promised to sign a written modification or a written promise to delay a foreclosure sale which would itself comply with the statute of frauds. In fact, Plaintiffs acknowledge recent Fifth Circuit cases dismissing similar claims brought by mortgage borrowers against their lenders for breach of alleged oral mortgage modifications and breach of alleged promises not to foreclose. *See* Resp. at 4, Docket No. 4 (citing *Martins*, 722 F.3d at 256–57, *Water Dynamics, Ltd. v. HSBC Bank USA, N. A.*, 509 F. App'x 367, 369 (5th Cir. 2013); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 F. App'x 361, 364 (5th Cir. 2013). Instead of distinguishing these cases, Plaintiffs instead appeal to "traditional notions of substantial justice and fair play." Resp. at 4. However, under Texas law and Fifth Circuit precedent, regardless of perceived injustice, the statute of fraud bars enforcement of the alleged oral promises. Accordingly, Defendant's motion to dismiss is granted as to Plaintiffs' promissory estoppel claim.

### B. Wrongful Foreclosure

Plaintiffs also assert a cause of action for wrongful foreclosure and request that the foreclosure sale be rescinded. Their claim is based solely on the alleged broken promises.

In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). A foreclosure sale may also be set aside as invalid if the notices required by Chapter 51 of the Texas Property Code are not properly and timely served. *See* TEX. PROP. CODE. § 51.002(b), (d) (requiring a twenty days' notice of mortgage default and right to cure and a twenty-one days' notice of sale); *Savers Fed.*

6

*Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989) (recognizing that under Texas law "a sale without the required twenty-one days' notice is invalid or void"); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232-34 (Tex. 1982) (reversing a take-nothing judgment on a wrongful foreclosure claim on the basis that any attempted acceleration was ineffective because the mortgagee did not give proper notice of its intent to accelerate).

Here, Plaintiffs have not alleged a defect in the foreclosure sale proceedings. They have only alleged broken verbal promises, which, as explained above, are not legally enforceable. Further, Plaintiffs have not alleged a grossly inadequate sales price, a causal connection between the alleged defect and the grossly inadequate sales price, or any violation of the statutory notice requirements. *See Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (recognizing that, under Texas law, a selling price is not grossly inadequate if the property sells for at least 60% of its fair market value). Accordingly, Plaintiffs have not stated a claim for wrongful foreclosure.

**C. Declaratory and Injunctive Relief**

The Fifth Circuit has held that when a complaint purports to assert an independent cause of action for declaratory judgment alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Accordingly, district courts dismiss requests for declaratory relief when all pleaded causes of action fail. *See, e.g.*, *Scott v. Bank of Am.*, No. SA:12-CV-917-DAE, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013); *Amaro v. U.S. Bank N.A.*, No. 3:12-CV-3776-B, 2013 WL 1187284, at *4 (N.D. Tex. Mar. 22, 2013); *Marsh v. JPMorgan Chase*, 888 F. Supp. 2d 805, 815 (W.D.

Tex. 2012). Here, Plaintiffs fail to state a viable independent cause of action, and, therefore, Plaintiffs' claim for declaratory relief is dismissed.

Finally, Plaintiffs' request for an injunction enjoining Defendant from attempting to sell or remove Plaintiffs from the property is denied as their request is not supported by a viable underlying cause of action. *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *See e.g. Von Scheele v. Wells Fargo Bank, N.A.*, SA-12-CV-00690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (docket no. 3) is GRANTED.

Accordingly, Plaintiffs' claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 7th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE